UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SUSAN B. LONG

and

DAVID BURNHAM,

                        Plaintiffs,

-against-

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,

                        Defendant.

Civil Action No. XX-cv-XXXX
5:17-CV-506[BKS/TWD]

**COMPLAINT FOR**
**DECLARATORY AND**
**INJUNCTIVE RELIEF**

---

Plaintiffs Susan B. Long and David Burnham, by their undersigned attorneys, allege as follows for their Complaint:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to compel Defendant United States Immigration and Customs Enforcement to produce agency records responsive to a proper request made by Plaintiffs. Plaintiffs also request the Court's expedited consideration of this action pursuant to 28 U.S.C. § 1657.

2. Plaintiffs founded and direct the Transactional Records Access Clearinghouse (TRAC), a data research center at Syracuse University. TRAC, which was established in 1989, gathers, analyzes and maintains a wealth of independent and nonpartisan information about federal enforcement, staffing and spending.

3. TRAC's purpose is to provide the public with comprehensive and regularly updated information that allows for meaningful oversight of government agencies and officials. This is consistent with the core objectives of the law: "The basic purpose of FOIA is to ensure an

informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

4. News organizations, public interest groups, businesses, scholars, lawyers, and the government itself are among those who rely on TRAC's data.

5. Immigration enforcement records are the source of a significant amount of the data TRAC gathers, regularly updates, and makes available on its public website, http://trac.syr.edu/immigration.

6. Defendant United States Immigration and Customs Enforcement (ICE) is a federal agency within the U.S. Department of Homeland Security responsible for enforcement of immigration law.

7. The FOIA requests at issue seek information related to ICE's immigration enforcement actions and its interaction with other law enforcement agencies.

8. Specifically, Plaintiffs seek information from ICE's Enforcement Integrated Database concerning Form I-247 requests. These relate to 1) Immigration Detainers ("Detainers") and 2) Requests for Voluntary Notification of Release of Suspected Priority Alien ("Notices").

9. These actions arise when ICE considers an immigrant who has been arrested by federal, state, or local law enforcement a potential priority for removal proceedings.

10. Detainers are requests from ICE to federal, state, and local law enforcement agencies to maintain custody of such an immigrant for up to 48 hours beyond when he or she would have otherwise been released.

11. Notices are requests from ICE to law enforcement agencies to notify ICE of the pending release of such an immigrant.

12. Since 2011, TRAC has regularly sought and received updated data through FOIA requests from ICE related to Form I-247 requests. ICE has used various versions of the form, including I-247, I-247D, I-247N and I-247A.

13. The data has allowed TRAC to publish many widely relied upon research reports, as well as to create and provide online databases that allow the public to assess over time the focus and impact of the government's immigration enforcement actions – both in their own communities and nationally. See, for example, http://trac.syr.edu/phptools/immigration/detain.

14. Starting abruptly in January 2017, ICE began refusing to disclose much of the information produced in its previous responses to FOIA requests.

15. ICE has no lawful reason for refusing to disclose this information.

16. The withholding of these public records has a direct impact on the public's ability to be informed about the government's immigration policy and actions.

17. Prompt release of these public records is important because of the heightened and immediate public interest in this information, as evidenced by, among other things, more than a hundred news, legal and scholarly articles published in the first 100 days of the Trump administration alone citing to the TRAC database on immigration enforcement actions. See http://trac.syr.edu/tracatwork/index.html.

18. In its February 2017 implementing directive for the president's Executive Order on immigration enforcement, the Department of Homeland Security itself cited TRAC's data. See page 6 at https://goo.gl/p7C3EE.

19. Immigration and deportation policies are a matter of utmost public interest and are the subject of significant current public debate. Accurate and current information about the government's policies and actions is crucial to meaningful discussion and oversight, and the public has an urgent need for this information.

20. Defendant's failure to provide the information sought is effectively an effort to allow the agency to keep its policies secret and avoid accountability. This is at odds with the purpose of FOIA.

## PARTIES

21. Plaintiff Susan B. Long is Co-Director of TRAC and an Associate Professor of Managerial Statistics at the Martin J. Whitman School of Management at Syracuse University.

22. Plaintiff David Burnham is Co-Director of TRAC, a long-time journalist, and an Associate Research Professor at the S.I. Newhouse School of Public Communications at Syracuse University.

23. Defendant United States Immigration and Customs Enforcement is an agency of the government of the United States, and has possession of and control over the records that are the subject of Plaintiffs' FOIA request.

## JURSIDICTION AND VENUE

24. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

25. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTS

26. The records Plaintiffs seek in their FOIA requests relate to their ongoing efforts to gather, analyze and maintain information about federal immigration policy and enforcement practices.

### The Detainer Requests (No. 2017-ICFO-08061)

27. On November 30, 2016, Plaintiffs submitted a FOIA request to ICE seeking anonymous data for fiscal year 2015 through November 2016 concerning Form I-247/I-247D, Immigration Detainer – Request for Involuntary Action. (Exhibit A.)

28. In a response dated January 10, 2017, ICE withheld large swaths of data from the forms, including data in 44 fields that had been disclosed in response to previous FOIA requests. (Exhibit B.)

29. On March 14, 2017, Plaintiffs filed an appeal with the agency, requesting that the withheld records be released. (Exhibit C.)

30. In a response dated April 11, 2017 (2017-ICAP-00273), the agency denied Plaintiffs' appeal. (Exhibit D.)

### The Notice Requests (2017-ICFO-08062)

31. On November 30, 2016, Plaintiffs submitted a FOIA request to ICE seeking anonymous data for November 2016 concerning Form I-247N, Request for Voluntary Notification of Release of Suspected Priority Alien. (Exhibit E.)

32. In a response dated February 2, 2017, ICE withheld large swaths of data from the forms, including data in 61 fields that had been disclosed in response to previous FOIA requests. (Exhibit F.)

33. On March 14, 2017, Plaintiffs filed an appeal with the agency, requesting that the withheld records be released. (Exhibit G.)

34. In a response dated April 11, 2017 (2017-ICAP-00302), the agency denied Plaintiffs' appeal. (Exhibit H.)

## COUNT I

35. Plaintiffs incorporate by reference every allegation above as if fully restated here.

36. Defendant ICE is subject to FOIA and must release responsive records in its possession at the time of a FOIA request or provide a lawful reason for withholding any materials for which it claims an exemption.

37. Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records of Detainers they requested concerning form I-247/I-247D.

38. Defendant has no legal basis for refusing to release the Detainer records requested.

39. Plaintiffs have exhausted all administrative remedies available regarding their request.

40. Plaintiffs are therefore entitled to an order compelling ICE to produce records responsive to this request.

## COUNT II

41. Plaintiffs incorporate by reference every allegation above as if fully restated here.

42. Defendant ICE is subject to FOIA and must release responsive records in its possession at the time of a FOIA request or provide a lawful reason for withholding any materials for which it claims an exemption.

43. Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records of Notices they requested concerning Form I-247N.

44. Defendant has no legal basis for refusing to disclose the Notice records requested.

45. Plaintiffs have exhausted all administrative remedies available regarding their request.

46. Plaintiffs are therefore entitled to an order compelling ICE to produce records responsive to this request.

## COUNT III

47. Plaintiffs incorporate by reference every allegation above as if fully restated here.

48. Pursuant to 28 U.S.C. § 1657(a), a district court "shall expedite the consideration of any action ... if good cause therefor is shown." For purposes of this subsection, "'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a).

49. In its 1984 legislative report on this provision, the House Committee on the Judiciary stated that because "expedited action by the courts" in FOIA cases "can reduce the opportunities to hamper the reporting of governmental activities, it is the intent of the Committee that the 'good cause' provision" of the statute "be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act." H.R. Rep. No. 98-985, 1984 U.S.C.C.A.N. 5779, 5783-84 (Aug. 31, 1984).

50. Prompt release of these public records will enable TRAC to add the information to its public database, and in turn facilitate further accurate and current reporting and analysis, to meet the heightened and immediate public interest in the federal government's Detainer and Notice activities.

51. Plaintiffs are therefore entitled to the Court's expedited consideration of this action.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that this Court:

1) declare that Defendants' withholding of the requested records is unlawful;

2) order Defendants to provide the requested records to Plaintiffs;

3) expedite its consideration of this action as provided by 28 U.S.C. § 1657;

4) award Plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

5) award such other relief as the Court deems just and proper.

DATED: May 9, 2017    Respectfully submitted,

MILLER KORZENIK SOMMERS RAYMAN LLP

By: *Mona Houck*
Mona Houck
Bar roll number: 520599
mhouck@mkslex.com
Terence P. Keegan
Bar roll number: 520598
tkeegan@mkslex.com

488 Madison Avenue, Suite 1120
New York, New York 10022-5702
Tel: (212) 752-9200
Fax: (212) 688-3996

*Attorneys for Plaintiffs*