UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN B. LONG <br><br> and <br><br> DAVID BURNHAM <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT <br> Defendant. | Civil Action No. 17-cv-00506 |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant U.S. Immigration and Customs Enforcement ("ICE" or the "Defendant"), by and through undersigned counsel, respectfully submits this answer to plaintiffs' Complaint. Defendant responds specifically to each numbered paragraph of the complaint as follows:

1. The allegation contained in the first sentence of paragraph one consists of plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, Defendant admits that plaintiffs purport that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. The allegation contained in the second sentence of paragraph one consists of plaintiffs' request for expedited consideration, to which no response is required. To the extent a response is required, Defendant denies the allegation.

2. The allegations in paragraph two characterize the plaintiffs. Defendant does not have knowledge or information sufficient to form a belief as to their truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

3. The allegation contained in the first sentence of paragraph three characterizes the plaintiffs' purpose. Defendant does not have knowledge or information sufficient to form a belief as to their truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegation. The allegation contained in the second sentence of paragraph three characterizes the plaintiffs' interpretation of the objective of the FOIA, and no response is required. To the extent that a response is required, Defendant denies the allegation and respectfully refers the Court to the cited case for a complete and accurate statement of its contents.

4. Defendant does not have knowledge or information sufficient to form a belief as to their truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

5. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

6. Defendant admits that U.S. Immigration and Customs Enforcement (ICE) is a federal agency and a component of DHS.

7. Defendant admits that plaintiff submitted two (2) FOIA request to ICE on November 30, 2016, and respectfully refers the Court to the requests for a complete and accurate statement of their contents.

8. Defendant admits that plaintiff submitted two (2) FOIA request to ICE on November 30, 2016, and respectfully refers the Court to the requests for a complete and accurate statement of their contents.

9. Paragraph nine contains plaintiffs' characterization of ICE's administration and enforcement of immigration laws, and does not set forth a claim for relief or aver facts in support

of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations.

10. Paragraph ten contains plaintiffs' characterization of ICE's administration and enforcement of immigration laws, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations.

11. Paragraph 11 contains plaintiffs' characterization of ICE's administration and enforcement of immigration laws, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations.

12. The allegation contained in the first sentence of paragraph 12 contains plaintiffs' characterization of previous FOIA requests, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations. The allegation contained in the second sentence of paragraph 12 contains plaintiffs' characterization of ICE's administration and enforcement of immigration laws, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegation.

13. The allegations in paragraph 13 characterize the plaintiffs. Defendant does not have knowledge or information sufficient to form a belief as to their truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

14. Defendant does not have knowledge or information sufficient to form a belief as to their truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

15. The allegations contained in paragraph 15 constitute plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

16. The allegations in paragraph 16 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. The allegations in paragraph 16 also constitute plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

17. The allegations in paragraph 17 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. The allegations in paragraph 17 also constitute plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

18. The allegations in paragraph 18 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. The allegations in paragraph 18 also constitute plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

19. The allegations in paragraph 19 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. The allegations in paragraph 19 also constitute plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

20. The allegations in paragraph 20 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. The allegations in paragraph 20 also constitute plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PARTIES

21. The allegations in paragraph 21 characterize the plaintiffs. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

22. The allegations in paragraph 22 characterize the plaintiffs. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

23. The allegations contained in paragraph 23 constitute plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits that it is an agency of the government of the United States of America, but denies the remaining allegations.

## JURISDICTION AND VENUE

24. The allegation contained in paragraph 24 constitutes plaintiffs' conclusion of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

25. The allegation contained in paragraph 25 constitutes plaintiffs' conclusion of law regarding venue, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## FACTS

26. The allegations contained in paragraph 26 characterize the plaintiffs and their efforts, to which no response is required. To the extent to which a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

27. Defendant admits that plaintiffs submitted a FOIA request to ICE on November 30, 2016, concerning Form I-247/I-247D, and respectfully refers the Court to the request for a complete and accurate statement of its contents.

28. Defendant admits that ICE sent Plaintiff a final response on January 10, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents. Defendant denies the remaining allegations contained in paragraph 28.

29. Defendant admits that plaintiffs submitted a FOIA appeal on March 14, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

30. Defendant admits that ICE issued a final appeal response on April 11, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

31. Defendant admits that plaintiffs submitted a FOIA request to ICE on November 30, 2016, concerning Form I-247N, and respectfully refers the Court to the request for a complete and accurate statement of its contents.

32. Defendant admits that ICE sent Plaintiff a final response on February 2, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents. Defendant denies the remaining allegations contained in paragraph 32.

33. Defendant admits that plaintiffs submitted a FOIA appeal on March 14, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

34. Defendant admits that ICE issued a final appeal response on April 11, 2017, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

## COUNT I

35. The Defendant incorporates by reference its response to paragraphs 1 through 34 above.

36. The allegations contained in paragraph 36 contain plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 36.

37. The allegations contained in paragraph 37 contain plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 37.

38. The allegation contained in paragraph 38 contains plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 38.

39. The allegation contained in paragraph 39 contains plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 39.

40. The allegation contained in paragraph 40 contains plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 40.

## COUNT II

41. The Defendant incorporates by reference its response to paragraphs 1 through 40 above.

42. The allegations contained in paragraph 42 contains plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 42.

43. The allegation contained in paragraph 43 contains plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 43.

44. The allegation contained in paragraph 44 contains plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 44.

45. The allegation contained in paragraph 45 contains plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 45.

46. The allegation contained in paragraph 46 contains plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 46.

### COUNT III

47. The Defendant incorporates by reference its response to paragraphs 1 through 46 above.

48. The allegations contained in paragraph 48 contains plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 48.

49. The allegations in paragraph 49 characterize a 1984 legislative report, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To

the extent that a response is required, Defendant admits that there was a 1984 legislative report, and respectfully refers the Court to the report for a complete and accurate statement of its contents.

50. The allegations in paragraph 50 characterize the plaintiffs and their interpretation of the public interest. Defendant does not have knowledge or information sufficient to form a belief as to their truth of the allegations, and no response is required. To the extent a response is required, Defendant denies the allegations.

51. The allegations contained in paragraph 51 contains plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 51.

The remainder of Plaintiff's Complaint consists of Plaintiff's Request for Relief, to which no response is required. To the extent this paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint should be dismissed in whole, or part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of this Complaint because no records have been improperly withheld.

## THIRD DEFENSE

The information that Defendant has withheld, or will withhold, in response to plaintiffs' FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552(b) and the Privacy Act, 5 U.S.C. § 552a, *et seq.*

## FOURTH DEFENSE

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

WHEREFORE, having fully answered, Defendant, by counsel, respectfully requests that the Court issue an order dismissing with prejudice the above-captioned case, granting Defendant judgment, including all costs, charges and fees permitted by law, and for such further relief as the Court deems just and proper.

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney

By:  /s/ Charles E. Roberts
Charles E. Roberts
Assistant United States Attorney
Bar Roll No. 102454