**EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN B. LONG, et al., )
)
        Plaintiffs, ) Civ. A. No. 17-1097 (APM)
)
v. )
)
U.S. IMMIGRATION AND CUSTOMS )
ENFORCEMENT, )
)
        Defendant. )
_____)

DECLARATION OF MARLA JONES
IN SUPPORT OF THE UNITED STATES DEPARTMENT OF HOMELAND
SECURITY'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

I, Marla Jones, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

    1.    I am the Unit Chief of the Statistical Tracking Unit ("STU") within Enforcement and Removal Operations ("ERO") Law Enforcement and Systems Analysis ("LESA") at U.S. Immigration and Customs Enforcement ("ICE"). I have held this position since January 2016. I previously served as the Acting Chief of STU from July 2015 until accepting the position, and prior to that, served as Detention and Deportation Officer subject matter expert within STU since June 2013. I have served as an officer for ERO since January 2008. The LESA STU mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

    2.    The LESA STU is responsible for providing all official ERO reporting to Congress, the White House, and other internal and external stakeholders, in addition to the public through the FOIA.

    3.    As the Unit Chief for the STU, my official duties and responsibilities include the general management, oversight, and supervision of a staff of Statisticians, Detention and Deportation Officers (Subject Matter Experts), Program Analyst, and Mission Support staff. The STU is responsible for

1

39. To be able to provide the remainder of the data points provided (21 data points), for this FOIA request, STU, at their discretion, performed additional research, analysis, interpreted the request, made assumptions and/or calculations and ultimately created new records for data points (described below in detail) that asked questions or implied questions, or did not exist in IIDS as requested, or required interpretation and assumptions on the part of ICE. If the data point did not exist in IIDS, ICE did not provide the data point to Plaintiffs.

40. The 40 line items requested by Plaintiffs' that were provided fall into four categories:

41. Category (1) of the data requested and provided (19 data points) – the data provided existed in the IIDS database, was responsive to the requested item based upon the Secure Communities Removals reporting and did not require additional research, data interpretation, analysis, calculations, assumptions and/or other manipulation of the data.

42. The following 19 data points were provided to the Plaintiffs which fall into Category (1) and were included in the response:

| Item Number | Information Requested |
|---|---|
| 1 | state and county that originated the fingerprint submission resulting in Alien IDENT Match |
| 5 | ICE Area of Responsibility (AOR) |
| 8 | date of departure |
| 9 | port of departure |
| 10 | country departed to |
| 11 | category of departure (voluntary return, voluntary departure, removal, withdrawal, under docket control, etc. |
| 21b | date was last detained by ICE |
| 21c | reason last ICE detention ended (release reason) |
| 29 | Gender |
| 30 | country of birth |
| 31 | country of citizenship |
| 50 | most serious criminal conviction offense |
| 51 | date of most serious criminal conviction |
| 52 | sentence for most serious criminal conviction |
| 53 | NCIC code for most serious criminal conviction offense |

18

| 56 | ICE Threat Level |
| 63 | date of latest arrest |
| 72 | most serious charge code for latest removal |
| 73 | most serious charge section for latest removal |

43. Category (2) of the data requested and provided (1 data point) - the data requested does not exist in the database as requested and required ICE to create a new record to satisfy the question or implied question in the request. This data is information that does not exist itself in the database in the manner requested, and required additional research, analysis, assumptions, and/or calculations that formed the creation of a new record which did not previously exist in IIDS as a data point. For the data points that fall into Category (2), a STU analyst had to research potential data values in IIDS, the operational use of those values inputted by officers that do exist and make further assumptions that these data values satisfy the intent of Plaintiffs' question. This additional analysis included the creation of new records in response to the questions or implied questions submitted by Plaintiffs. For example, Item #21a, "ever been in ICE custody (yes/no)…" was requested, and a STU analyst created a record in order to provide a response to the question asked as a data point in IIDS does not independently exist to satisfy answering this question. A response to this inquiry required the STU analyst to perform the following: (1) research and determine that a field "Detention Involved Yes No" exists in the ICE database; (2) conduct analysis to determine that a field is specific to the Removal Case; (3) make the assumption that this field is in line with the intent of the original requested item; and (4) use a derived query to append the field to the existing data model and query results i.e.. there was a not a data point that exists independently in the database to answer this question, so a STU analyst had to create a record by assuming certain criteria, interpreting the question, and researching and analyzing additional data in order to answer and respond to the Plaintiff's question.

19

additional research, analysis, assumptions and/or calculations, or the creation of a new record, or additional significant modification to the query framework, ICE provides the data points in an Excel spreadsheet. If the data points do not exist in IIDS as requested, or would require additional research, analysis, assumptions and/or calculations in order to respond because they are questions, implied or otherwise, the records don't exist in IIDS as requested, the data points require assumptions and/or interpretations to be made by ICE, or require the creation of a new record, ICE no longer provides those data points as a matter of discretion.

## VII. JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this 3rd day of November, 2017.

Marla Jones
Unit Chief, Statistical Tracking Unit
Law Enforcement and Systems Analysis
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009