UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

SUSAN B. LONG

and

DAVID BURNHAM,

Plaintiffs,

-against-

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,

Defendant.

Case No. 5:17-cv-00506-BKS-TWD

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S STATEMENT OF
UNDISPUTED MATERIAL FACTS
AND STATEMENT OF
ADDITIONAL UNDISPUTED
<u>MATERIAL FACTS</u>**

Pursuant to Local Rule 7.1(a)(3), Plaintiffs Susan B. Long ("Long") and David Burnham

("Burnham") (together, "Plaintiffs") submit this response to Defendant United States

Immigration and Customs Enforcement's ("ICE" or "Defendant") Statement of Undisputed

Material Facts ("Statement"), and submit their Statement of Undisputed Material Facts, in

opposition to ICE's motion for summary judgment and in support of their cross-motion for

summary judgment. Paragraphs 1-72 below correspond to the paragraph numbering of ICE's

Statement. Paragraphs 73-99 set forth additional material facts as to which Plaintiffs contend

there is no genuine issue.

## I. Response to ICE's Statement of Undisputed Material Facts

1. Each program office within ICE has a designated point of contact ("POC"), who is the

primary person responsible for communications between that program office and the ICE

Freedom of Information Act ("FOIA") Office. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts it sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

2. Each POC is a person with detailed knowledge about the operations of their particular program office. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

3. When the ICE FOIA Office receives a FOIA request, its first step is to identify, based on their experience and knowledge of ICE's program offices, which program offices within ICE are reasonably likely to possess records responsive to that request if any and to initiate searches within those program offices. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts it sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

4. Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts it sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

5. The POCs then review the FOIA request along with any case-specific instructions that may have been provided, and based on their experience and knowledge of their program office

practices and activities, forward the request and instructions to individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶ 38, 44.

6. Per the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, and based on their knowledge of the manner in which they routinely keep records, would most likely be the files to contain responsive documents. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶ 38, 44.

7. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn provides the records to the ICE FOIA Office. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶ 38, 44.

8. The ICE FOIA Office then reviews the collected records for responsiveness. Pavlik-Keenan Decl. ¶ 21.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

9. ICE employees maintain records in several ways. Pavlik-Keenan Decl. ¶ 22.

**Response:** Plaintiffs do not dispute this statement.

10. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. Pavlik-Keenan Decl. ¶ 22.

**Response:** Plaintiffs do not dispute this statement.

11. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if their office uses one), DVDs, CDs, or USB storage devices. Pavlik-Keenan Decl. ¶ 22.

**Response:** Plaintiffs dispute this statement insofar as Defendant asserts that ICE employees do not store electronic records in the EID and other centralized databases. Cf. Pavlik-Keenan Decl. ¶ 27; Jones Decl. ¶ 6. Plaintiffs otherwise do not dispute this statement

12. The determination of whether or not these electronic locations need to be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his or her files. Pavlik-Keenan Decl. ¶ 22.

**Response:** Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

13.  Additionally, all ICE employees have access to email.  ICE uses a Microsoft Outlook email system.  Pavlik-Keenan Decl. ¶ 23.

**Response:** Plaintiffs do not dispute this statement.

14.  Each ICE employee stores their files in the way that works best for that particular employee.  Pavlik-Keenan Decl. ¶ 23.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶ 38, 44.

15.  ICE employees use various methods to store their Microsoft Outlook email files: some archive their files monthly, without separating by subject; others archive their email by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.  Pavlik-Keenan Decl. ¶ 23.

**Response:** Plaintiffs cannot respond to the portions of this statement referring to a "program" or "PST files," neither of which ICE has defined.  Plaintiffs otherwise do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶ 38, 44.

16.  ICE is the principal investigative arm of the Department of Homeland Security ("DHS") and the second largest investigative agency in the federal government.  Pavlik-Keenan Decl. ¶ 24.

**Response:** Plaintiffs do not dispute this statement.

17.  Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now has more

than 20,000 employees and offices in all 50 states and 48 foreign countries. Pavlik-Keenan Decl. ¶ 24.

**Response:** Plaintiffs do not dispute this statement.

18. The ICE Office of Enforcement and Removal Operations ("ERO") oversees programs and conducts operations to identify and apprehend removable aliens, to detain those individuals when necessary, and to remove illegal aliens from the United States. Pavlik-Keenan Decl. ¶ 25.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

19. ERO manages all logistical aspects of the removal process, including domestic transportation, detention, alternatives to detention programs, bond management, and supervised release. Pavlik-Keenan Decl. ¶ 25.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

20. ERO is comprised of seven headquarters divisions, 24 field offices, and more than 7,600 employees. Pavlik-Keenan Decl. ¶ 25.

**Response:** Plaintiffs do not dispute this statement.

21. When ERO receives a FOIA tasking from the ICE FOIA Office, the request is submitted to ERO's Information Disclosure Unit ("IDU"). POCs in IDU reviews the substance of the request. Pavlik-Keenan Decl. ¶ 26.

**Response:** Plaintiffs dispute this statement insofar as Defendant asserts ERO and IDU were the only, or the most appropriate, ICE offices relevant to conducting a search for information

responsive to the Detainer Requests and the Notice Request. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

22. Based on its subject matter expertise and knowledge of the program offices' activities within ERO, IDU forwards the FOIA request to specific individuals and component offices and directs specific employees or offices to conduct searches of their file systems (including both paper files and electronic files) that in their judgment, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any. Pavlik-Keenan Decl. ¶ 26.

**Response:** Plaintiffs dispute this statement insofar as Defendant asserts ERO and IDU were the only, or the most appropriate, ICE offices relevant to conducting a search for information responsive to the Detainer Requests and the Notice Requests. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

23. Based on their operational knowledge and subject matter expertise, employees exercise discretion in choosing the specific search terms to use in ascertaining whether or not potentially responsive records exists. Pavlik-Keenan Decl. ¶ 26.

**Response:** Plaintiffs dispute this statement insofar as Defendant suggests that writing a program to extract data once relevant data elements are identified involves subjectivity. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal

basis for refusing to release or disclose the Detainer and Notice information requested.

Complaint ¶¶38, 44.

24. Once employees complete their searches, the individuals and component offices provide any potentially responsive records to the IDU POC, who in turn provides the records to the ICE FOIA Office. Pavlik-Keenan Decl. ¶ 26.

**Response:** Plaintiffs dispute this statement insofar as Defendant asserts it retrieved all records that were potentially responsive to the Detainer Requests and Notice Requests. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

25. The ICE FOIA Office then reviews the collected records for responsiveness. Pavlik-Keenan Decl. ¶ 26.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

26. The Enforcement Integrated Database ("EID") is owned and operated by ICE and is used primarily to support the law enforcement activities of certain DHS components, including ICE and U.S. Customs and Border Protection ("CBP"). Pavlik-Keenan Decl. ¶ 27.

**Response:** Plaintiffs dispute the facts set forth in this statement to the extent ICE has not previously asserted the "primar[y]" use of the EID as a basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44; Complaint Exs. B, D,  F, H. Plaintiffs otherwise do not dispute this statement.

27. The EID is the common database repository for all records created, updated, and accessed by a number of software applications. Pavlik-Keenan Decl. ¶ 27.

**Response:** Plaintiffs do not dispute this statement.

28. The EID allows ICE officers to manage cases from the time of an alien's arrest, in-processing, or placement into removal proceedings, through the final case disposition (i.e., removal or granting of immigration benefits). Pavlik-Keenan Decl. ¶ 27.

**Response:** Plaintiffs dispute the facts set forth in this statement to the extent that ICE has not defined "alien[ ]," and Plaintiffs' FOIA requests concerned information on all individuals whom were the subject of Detainers or Notices. Complaint ¶¶38, 44; Complaint Exs. A, E. Plaintiffs otherwise do not dispute this statement.

29. The EID also contains law enforcement sensitive information relating to investigations, enforcement operations, and checks of other law enforcement databases. Pavlik-Keenan Decl. ¶ 27.

**Response:** Plaintiffs dispute the facts set forth in this statement to the extent ICE has not previously asserted any "law enforcement sensitive" nature of information in the EID as a basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44; Complaint Exs. B, D, F, H. Plaintiffs otherwise do not dispute this statement.

30. The EID is a 24 hours per day, 7 days per week operational database with more than 55,000 users. Pavlik-Keenan Decl. ¶ 27.

**Response:** Plaintiffs do not dispute this statement.

31. The EID houses data and business rules that are integrated with other systems through direct database connectivity or complex interfaces. Pavlik-Keenan Decl. ¶ 27.

**Response:** Plaintiffs cannot respond to the portion of this statement referring to "complex interfaces," which ICE has not defined. Plaintiffs otherwise do not dispute this statement.

32. For the two FOIA requests that are the subject of this litigation, ICE conducted searches of the Integrated Decision Support System ("IIDS"). Pavlik-Keenan Decl. ¶ 28.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

33. The IIDS contains a subset of the EID database that is provided regularly three days a week. Pavlik-Keenan Decl. ¶ 28.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

34. When the subset is provided, it completely replaces the older snapshot or extract with new data and older data is not retained. Pavlik-Keenan Decl. ¶ 28.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

35. Additionally, the EID and IIDS contain information that is adapted for efficient report writing. Pavlik-Keenan Decl. ¶ 29.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

36.  While the EID contains information needed for ICE officers and agents to advance the agency's mission to promote homeland security and public safety through the criminal and civil enforcement of federal laws governing border control, customs, trade, and immigration, the IIDS manages case information and the reporting of case information.  Pavlik-Keenan Decl. ¶ 29.

**Response:** Plaintiffs dispute the facts set forth in this statement to the extent ICE has not previously asserted the information in the EID is exclusively used by ICE to promote homeland security and public safety, nor has ICE asserted any such use of the EID as a basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44; Complaint Exs. B, F.  Plaintiffs otherwise do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

37.  The IIDS supports DHS requirements to query EID data for operational or executive reporting purposes.  Pavlik-Keenan Decl. ¶ 30.

**Response:** Plaintiffs dispute this statement insofar that it implies that IIDS is exclusively used to query EID data for operational or executive reporting purposes.  Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44.

38.  ICE queries IIDS instead of the EID to protect the integrity of the live data held in the EID operational environment and to prevent the performance of EID and the ENFORCE applications from being diminished.  Pavlik-Keenan Decl. ¶ 30.

**Response:** Plaintiffs cannot respond to the portion of this statement referring to "the ENFORCE application[ ]," which ICE has not defined. Plaintiffs otherwise do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

39. By letter dated November 30, 2016, Plaintiffs submitted a FOIA request via e-mail, to the ICE FOIA inbox. Plaintiffs' FOIA request sought "the latest anonymous data concerning Form I-247/I-247D requests issued for FY 2015 through November 2016." The FOIA request contained a request for 112 separate data points ("FOIA Request #1"). Pavlik-Keenan Decl. ¶ 6.

**Response:** Plaintiffs dispute the fact set forth in this statement that the FOIA Request contained a request for "data points," as the FOIA Request expressly sought "data containing" items of "information." Complaint Ex. A at 1. Plaintiffs otherwise do not dispute this statement.

40. In an email to Plaintiffs dated December 2, 2016, the ICE FOIA Office acknowledged receipt of FOIA Request #1. Pavlik-Keenan Decl. ¶ 7.

**Response:** Plaintiffs do not dispute this statement.

41. ICE assigned FOIA Request #1 the tracking number 2017-ICFO-08061. Pavlik-Keenan Decl. ¶ 7.

**Response:** Plaintiffs do not dispute this statement.

42. On December 2, 2016, upon receipt and review of FOIA Request #1, the ICE FOIA Office determined that ERO was the one office likely to have records responsive to Plaintiffs' request based on the subject matter of the FOIA request. Pavlik-Keenan Decl. ¶ 31.

**Response:** Plaintiffs dispute this statement insofar as Defendant claims that only one ICE office, ERO, was likely to have records responsive to the Detainer Requests, and that the subject

matter of the Detainer Requests provided sufficient basis for this determination. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

43. The ICE FOIA Office instructed ERO to conduct a comprehensive search for records and to provide all records located during that search to the ICE FOIA Office for review and processing. Pavlik-Keenan Decl. ¶ 31.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

44. A POC in the ERO Information Disclosure Unit ("IDU") received and reviewed FOIA Request #1. Pavlik-Keenan Decl. ¶ 32.

**Response:** Plaintiffs do not dispute this statement.

45. Based upon subject matter expertise and knowledge of the program offices' activities within ERO, IDU determined searches at the headquarters ("HQ") level for potentially responsive documentation should be conducted for potentially responsive records. Pavlik-Keenan Decl. ¶ 32.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

46. Accordingly, IDU tasked ERO Law Enforcement and Systems Analysis ("LESA,") as LESA was reasonably likely to have responsive records. Pavlik-Keenan Decl. ¶ 32.

**Response:** Plaintiffs otherwise do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44.

47.  Upon receipt of the FOIA Request #1 from IDU on December 7, 2017, a FOIA POC in LESA reviewed the substance of the request and, based on their experience and knowledge of their office's practices and activities tasked the Statistical Tracking Unit ("STU") to search for potentially responsive documentation.  Pavlik-Keenan Decl. ¶ 33.

**Response:** Plaintiffs otherwise do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44.

48.  From December 7-8, 2016, STU conducted a line-by-line review of the requested information taking into consideration standard reporting of removal methodologies as well as consulting the database to query all available responsive detainer information as requested from IIDS.  Pavlik-Keenan Decl. ¶ 33.

**Response:** Plaintiffs dispute this statement insofar as ICE's assertion that it queried all available responsive detainer information or that the request was limited to the IIDS. Complaint, Exhibit A; Jones Decl. ¶ 9. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44.

49.  Upon completion of the search, LESA submitted one Excel Spreadsheet to IDU on December 21, 2016.  Pavlik-Keenan Decl. ¶ 33.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44.

50.  In a letter to Plaintiffs dated January 10, 2017, the ICE FOIA Office responded to FOIA Request #1 and produced one (1) Excel spreadsheet that was responsive to FOIA Request #1.  Pavlik-Keenan Decl. ¶ 8.

**Response:** Plaintiffs do not dispute this statement.

51.  In an e-mail to Defendant dated March 14, 2017, Plaintiffs filed an appeal of Defendant's January 10, 2017, response, challenging both the withholdings and the adequacy of Defendant's search.  Pavlik-Keenan Decl. ¶ 9.

**Response:** Plaintiffs dispute this statement to the extent Defendant characterizes the appeal as only an appeal of the withholdings and the adequacy of Defendant's search.  See Long Decl. ¶ 42; Complaint Ex. C (appeal letter).

52.  In a letter to the Plaintiffs dated March 17, 2017, ICE's Office of Principal Legal Advisor ("OPLA") acknowledged receipt of the Plaintiff's appeal of ICE's response, and assigned it an appeal tracking number of 2017-ICAP-00273.  Pavlik-Keenan Decl. ¶ 10.

**Response:** Plaintiffs do not dispute this statement.

53.  By letter dated April 11, 2017, OPLA responded to Plaintiffs' appeal of ICE's response, and affirmed the adequacy of the search and the withholdings applied to the workbook.  In the response, OPLA also asserted FOIA Exemption (b)(7)(E) to the columns "Subject Id," "Eid Civ Pers Id," "Eid Civ Id," "Return to Employee ID," "Government Employee Id," and "Detainer

Id," in addition to the already asserted FOIA Exemptions (b)(6) and (b)(7)(C). Pavlik-Keenan Decl. ¶ 11.

**Response:** Plaintiffs do not dispute this statement to the extent OPLA affirmed ICE's response. Plaintiffs dispute this statement to the extent ICE characterizes the appeal as only an appeal of the withholdings and the adequacy of ICE's search. See Complaint Ex. C (appeal letter).

54. By letter dated November 30, 2016, Plaintiffs submitted a FOIA request, via email, to the ICE FOIA inbox. Plaintiffs' FOIA request sought "the latest anonymous data concerning Form I-247N requests issued for November 2016." The FOIA request contained a request for 112 separate data points ("FOIA Request #2"). Pavlik-Keenan Decl. ¶ 12.

**Response:** Plaintiffs dispute the fact set forth in this statement that the FOIA Request contained a request for "data points," as the FOIA Request expressly sought "data containing" items of "information." Complaint Ex. E at 1. Plaintiffs otherwise do not dispute this statement.[1]

55. In an e-mail to Plaintiffs dated December 2, 2016, the ICE FOIA Office acknowledged receipt of FOIA Request #2. Pavlik-Keenan Decl. ¶ 13.

**Response:** Plaintiffs do not dispute this statement.

56. ICE assigned FOIA Request #2 the tracking number 2017-ICFO-08062. Pavlik-Keenan Decl. ¶ 13.

**Response:** Plaintiffs do not dispute this statement.

---

[1] In a subheading preceding its Statement No. 54, Defendant states Plaintiffs "FOIA Request #2" was numbered "2016-ICFO-54702." ICE's actual tracking number was 2017-ICFO-08062, a Plaintiffs do not dispute in response to Defendant's Statement No. 56.

57. On December 2, 2016, upon receipt and review of Plaintiff's FOIA Request, 2017-ICFO-08062, the ICE FOIA Office determined that because of the subject matter of the FOIA request, ERO was the one office likely to have records responsive to Plaintiffs' request. Pavlik-Keenan Decl. ¶ 34.

**Response:** Plaintiffs dispute this statement insofar as Defendant claims that only one ICE office, ERO, was likely to have records responsive to the Notice Requests, and that the subject matter of the Notice Requests provided sufficient basis for this determination. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶ 38, 44.

58. The ICE FOIA Office instructed ERO to conduct a comprehensive search for records and to provide all records located during that search to the ICE FOIA Office for review and processing. Pavlik-Keenan Decl. ¶ 34.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶ 38, 44.

59. A POC in ERO IDU received and reviewed FOIA Request #2. Pavlik-Keenan Decl. ¶ 35.

**Response:** Plaintiffs do not dispute this statement.

60. Based upon subject matter expertise and knowledge of the program offices' activities within ERO, IDU determined searches at the HQ level for potentially responsive documentation should be conducted. Pavlik-Keenan Decl. ¶ 35.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

61. Accordingly, IDU tasked LESA, as LESA was reasonably likely to have responsive records, if any. Pavlik-Keenan Decl. ¶ 35.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

62. Upon receipt of the initial FOIA request from IDU on December 7, 2016, a FOIA POC in LESA reviewed the substance of the request and, based on their experience and knowledge of their office's practices and activities tasked STU to search for potentially responsive documentation. Pavlik-Keenan Decl. ¶ 36.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

63. From December 7-8, 2016, STU conducted a line-by-line review of the requested information taking into consideration standard reporting of removal methodologies as well as consulting the database to query all available responsive detainer information as requested from IIDS. Pavlik-Keenan Decl. ¶ 36.

**Response:** Plaintiffs dispute this statement insofar as ICE's assertion that it queried all available responsive notice information or that the request was limited to the IIDS. Complaint, Exhibit A; Jones Decl. ¶ 9. Plaintiffs otherwise do not dispute this statement, but in any event, Plaintiffs deny that the facts this statement sets forth are material to the principal issue in this

case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44.

64.  Upon completion of the search, LESA submitted one Excel Spreadsheet to IDU on December 13, 2016.  Pavlik-Keenan Decl. ¶ 36.

**Response:** Plaintiffs do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested.  Complaint ¶¶38, 44.

65.  In a letter to Plaintiffs dated February 2, 2017, the ICE FOIA Office responded to FOIA Request #2 and produced one (1) Excel spreadsheet that was responsive to FOIA Request #2. Pavlik-Keenan Decl. ¶ 14.

**Response:** Plaintiffs do not dispute this statement.

66.  In an e-mail to Defendant dated March 14, 2017, Plaintiffs filed an appeal of Defendant's February 2, 2017, response, challenging both the withholdings and the adequacy of Defendant's search.  Pavlik-Keenan Decl. ¶ 15.

**Response:** Plaintiffs dispute this statement to the extent Defendant characterizes the appeal as only an appeal of the withholdings and the adequacy of Defendant's search.  See Long Decl. ¶ 42; Complaint Ex. G (appeal letter).

67.  In a letter to Plaintiffs dated March 17, 2017, OPLA acknowledged receipt of the Plaintiffs' appeal of Defendant's response, and assigned it an appeal tracking number of 2017-ICAP-00302.  Pavlik-Keenan Decl. ¶ 16.

**Response:** Plaintiffs do not dispute this statement.

68.  In a letter to Plaintiffs dated April 11, 2017, OPLA responded to Plaintiffs' appeal. OPLA remanded the request to the ICE FOIA Office determining that some of the information

contained in the "Eid Civ Pers ID" column, which was previously withheld, could be released. In addition, OPLA also asserted FOIA Exemption (b)(7)(E) to the columns "Subject ID", "Eid Civ Pers Id," "Eid Civ ID," "Government Employee Id," and "Detainer Id2," in addition to the already asserted FOIA Exemptions (b)(6) and (b)(7)(C). OPLA's response to Plaintiff's appeal also affirmed the adequacy of the search. Pavlik-Keenan Decl. ¶ 17.

**Response:** Plaintiffs do not dispute this statement to the extent OPLA affirmed ICE's response, but dispute this statement to the extent ICE characterizes the appeal as only an appeal of the adequacy of ICE's search. See Complaint Ex. G (appeal letter). Plaintiffs otherwise do not dispute this statement, but deny that the facts this statement sets forth are material to the principal issue in this case of ICE having no legal basis for refusing to release or disclose the Detainer and Notice information requested. Complaint ¶¶38, 44.

69. In a letter to Plaintiffs dated October 6, 2017, the ICE FOIA Office responded to OPLA's remand and produced one (1) Excel spreadsheet that was responsive to FOIA Request #2. Pavlik-Keenan Decl. ¶ 18.

**Response:** Plaintiffs do not dispute this statement.

70. On May 9, 2017, Plaintiffs filed a Complaint in the United States District Court for the Northern District of New York for declaratory, injunctive, and other appropriate relief. Pavlik-Keenan Decl. ¶ 19.

**Response:** Plaintiffs do not dispute this statement.

71. Plaintiffs allege that Defendant has improperly withheld records responsive to Plaintiffs' FOIA requests. Pavlik-Keenan Decl. ¶ 19.

**Response:** Plaintiffs do not dispute this statement.

72. On June 12, 2017, Defendant filed its Answer to the Complaint with the Court.  Pavlik-Keenan Decl. ¶ 20.

**Response:** Plaintiffs do not dispute this statement, except to note that ICE filed its Answer to Plaintiffs' Complaint with the Court on June 7, 2017.  See Answer (Dkt. No. 7).

## II.    Statement of Additional Undisputed Material Facts

73.    Plaintiffs are Co-Founders and Co-Directors of the Transactional Records Access Clearinghouse ("TRAC"), a data gathering, data research, and data distribution center sponsored by the Whitman School of Management and the Newhouse School at Syracuse University.  TRAC's main offices are in Syracuse, New York, and Washington, D.C.  Complaint ¶2; Long Decl. ¶¶1, 3-5.

74.    TRAC gathers, analyzes, and maintains a wealth of independent and nonpartisan information about staffing, spending and enforcement activities of the federal government.  As a scholarly research organization, TRAC does not engage in advocacy.  Nor does it take partisan positions of any kind.  TRAC's purpose is to provide the American people – and institutions of oversight such as Congress, news organizations, public interest groups, businesses, scholars, and lawyers – with comprehensive and regularly updated information that allows for meaningful assessment of whether federal agencies are actually doing what agency officials claim to be doing, and whether these actions are achieving the agency's stated goals.  Complaint ¶¶3-4; Long Decl. ¶5.

75.    The U.S. Department of Homeland Security itself has cited TRAC's data, in its February 2017 implementing directive for the president's Executive Order on immigration enforcement.  Complaint ¶18; Long Decl. ¶6.

76.     Immigration enforcement records comprise a significant amount of the data that TRAC gathers, compiles, regularly updates, and makes available on its public website, http://trac.syr.edu/immigration.  Complaint ¶¶5, 13; Long Decl. ¶7.

77.     Plaintiffs began requesting database records documenting ICE enforcement activities under the Freedom of Information Act in 2006.  Starting in 2011 as part of this research effort, TRAC began submitting FOIA requests for ICE database records concerning ICE's use of I-247 forms.  Complaint ¶12; Long Decl. ¶10.

78.     The data received from ICE has allowed TRAC to create and provide online databases that allow the public to assess over time the focus and impact of the government's immigration enforcement actions – both in their own communities and nationally.  Complaint ¶13; Long Decl. ¶¶11-15.

79.     To keep the data current, Plaintiffs have sought and received from ICE updated data related to Form I-247 requests by submitting new FOIA requests on a regular monthly cycle. Complaint ¶12; Long Decl. ¶10.

80.     The two FOIA requests at issue seek information related to ICE's immigration enforcement actions and its interaction with other law enforcement agencies.  They sought information from ICE's Enforcement Integrated Database ("EID") concerning its Form I-247 requests.  These relate to 1) Immigration Detainers ("Detainers") (the "Detainer Requests") and 2) Requests for Voluntary Notification of Release of Suspected Priority Alien ("Notices") (the "Notice Requests"). Complaint ¶¶7-8, 26 & Exs. A & E; Long Decl. ¶¶7-8, 17, 21.

81.     Historically, TRAC has been able to present more particularized information from ICE concerning both Detainers and Notices, both in databases on its website and in many research reports.  Complaint ¶13, Long Decl. ¶¶12-15.

82.     Starting abruptly in January 2017, ICE began refusing to disclose much of the information produced in its previous responses to Plaintiffs' FOIA requests.  Complaint ¶¶14, 28, 30, 32, 34; Long Decl. ¶¶16, 18, 20, 22, 24, 30 & Ex. 3.

83.     The EID provides users with the capability to access a person-centric and/or event-centric view of the data it contains.  Declaration of Marla Jones dated Nov. 8, 2017 ("Jones Decl.") (Dkt. No. 15-1) at ¶7.

84.     The EID is used as data storage throughout the immigration enforcement lifecycle from arrest of an individual to removal or release.  Jones Decl. ¶8.

85.     In its "final response" to the Detainer Requests, ICE stated it had "applied FOIA Exemptions 6 and 7(C) to protect from disclosure the dates of birth and identification numbers of DHS employees and third party individuals contained within the documents."  Complaint Ex. B at 1-2.  ICE did not claim FOIA Exemptions 6 and 7(C) for any other information sought by Plaintiffs in the Detainer Requests, nor did the "final response" claim any other FOIA Exemption for any information sought by Plaintiffs in the Detainer Requests.  Complaint Ex. B at 1-2.

86.     Plaintiffs appealed ICE's response to the Detainer Requests, contending that, among other things, the claimed exemptions did not apply to the specific information items that were withheld.  Complaint Ex. C at 2.

87.     Plaintiffs further contended that ICE's responses withheld records that Plaintiffs had reason to believe were contained in the agency's database because they had previously been provided with the same type of information.  Plaintiffs stated that if the agency believed that the request required a "calculation or analysis" to be performed on other relevant information, that was an admission that additional responsive records exist and noted that the agency's response

should identify and produce these additional responsive records. Complaint Ex. C. at 1; Long Decl. ¶ 42.

88. In its response to Plaintiffs' appeal, ICE stated that it had "applied FOIA Exemptions (b)(6) and (b)(7)(C)" to releasing "the birth date, birth year, Subject Id, Eid Civ Pers Id, Eid Civ Id, Return to Employee ID, Government Employee Id, or Detainer Id" data fields. Complaint Ex. D at 4-5. ICE also purported to assert in its response to Plaintiffs' appeal a third FOIA Exemption, "FOIA Exemption (b)(7)(E)," to the "'Subject Id,' 'Eid Civ Pers Id,' 'Eid Civ Id,' 'Return to Employee ID,' 'Government Employee Id,' and 'Detainer Id'" information. Complaint Ex. D at 5.

89. ICE's response to Plaintiffs' appeal did not claim FOIA Exemption (b)(7)(E) for any other information sought by Plaintiffs in the Detainer Requests, nor did ICE's response to Plaintiffs' appeal claim FOIA Exemptions for any other information sought by Plaintiffs in the Detainer Requests. Complaint Ex. D.

90. Plaintiffs had not sought "birth date" or "date of birth" data in their Detainer Requests, but rather, the "*year* of birth" information of individuals on whom I-247/I-247D requests had been placed. Complaint Ex. A at 2 (emphasis added).

91. In its "final response" to the Notice Requests, ICE stated it had "applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of DHS employees contained within the documents." Complaint Ex. F at 1.ICE did not claim FOIA Exemptions 6 and 7(C) for any other information sought by Plaintiffs in the Notice Requests, nor did the "final response" claim any other FOIA Exemption for any information sought by Plaintiffs in the Notice Requests. Complaint Ex. F at 1-2.

92.   Plaintiffs appealed ICE's response to the Notice Requests, contending that, among other things, the claimed exemptions did not apply to the specific information items that were withheld.  Complaint Ex. G at 2.

93.   Plaintiffs further contended that the response withheld records that Plaintiffs had reason to believe were contained in the agency's database because they had previously been provided with the same type of information. Plaintiffs stated that if the agency believed that the request required a "calculation or analysis" to be performed on other relevant information, that was an admission that additional responsive records exist and noted that the agency's response should identify and produce these additional responsive records. Complaint Ex. G. at 1; Long Decl. ¶ 42.

94.   In its response to Plaintiffs' appeal, ICE stated that pursuant to "FOIA Exemptions (b)(6) and (b)(7)(C)," it was "unable to release the birth date, birth year, Subject Id, Eid Civ Pers Id, Eid Civ Id, Government Employee Id, or Detainer Id2" data fields.  Complaint Ex. H at 4. ICE also purported to assert in its response to Plaintiffs' appeal a third FOIA Exemption, "FOIA Exemption (b)(7)(E)," to the "'Subject Id,' 'Eid Civ Pers Id,' 'Eid Civ Id,' 'Government Employee Id,' and 'Detainer Id2'" information.  Complaint Ex. H at 5.

95.   ICE's response to Plaintiffs' appeal did not claim FOIA Exemption (b)(7)(E) for any other information sought by Plaintiffs in the Notice Requests, nor did ICE's response to Plaintiffs' appeal claim FOIA Exemptions for any other information sought by Plaintiffs in the Notice Requests.  Complaint Ex. D.

96.   Plaintiffs had not sought "birth date" or "date of birth" data in their Notice Requests, but rather, the "*year* of birth" information of individuals on whom I-247N requests had been placed.   Complaint Ex. E at 1-2 (emphasis added).

97.     There is a heightened and immediate public interest in ICE's Detainer and Notice activities.  Long Decl. ¶ 43; Declaration of Ward J. Oliver dated Dec. 22, 2017 ("Oliver Decl.") ¶¶ 6-7; Complaint ¶¶ 17-19.

98.     Prompt release by ICE of the information at issue will enable TRAC to add the information to its public database.  Complaint ¶50; Long Decl. ¶ 43.

99.     Prompt release by ICE of the information at issue will in turn facilitate further accurate and current reporting and analysis.  Complaint ¶¶7, 50; Long Decl. ¶ 43; Oliver Decl. ¶7.

DATED:  December 22, 2017          Respectfully submitted,

MILLER KORZENIK SOMMERS RAYMAN LLP

By: _____

        Mona Houck
        Bar roll number: 520599
        mhouck@mkslex.com
        Terence P. Keegan
        Bar roll number: 520598
        tkeegan@mkslex.com

        488 Madison Avenue, Suite 1120
        New York, New York 10022-5702
        Tel: (212) 752-9200
        Fax: (212) 688-3996

        *Attorneys for Plaintiffs*